# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV247
## (1:02CR105-7)

| | |
|---|---|
| ANDRE M. PACK, a/k/a TYRELL ANDRE PACK, )<br>)<br>Petitioner, )<br>)<br>Vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, along with the amendment thereto filed November 15, 2004. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the

> movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of the criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 2, 2002, the Petitioner and 12 co-defendants were charged in Count One of a three-count indictment with conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance involving a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846 and 841. **Bill of Indictment, filed December 2, 2002;** *see also*, **Information pursuant to Title 21, U.S.C. § 841(b), filed December 2, 2002.** The Petitioner was subsequently arrested in South Carolina and made his initial appearance before the Magistrate Judge in this District on December 27, 2002. At that time, the Petitioner was ordered held without bond. He was found to be indigent and entitled to appointed counsel; Stanford Clontz was subsequently appointed as Petitioner's attorney. The

Petitioner appeared with counsel for his arraignment on December 30, 2002, and entered a not guilty plea and requested a jury trial. **Arraignment Order, filed December 30, 2002.** The Court's Standard Criminal Discovery Order was filed the same date, which Order is consistent with the United States Attorney's open file policy in this District. *See,* **Standard Criminal Discovery Order, filed December 30, 2002.**

On January 2, 2003, the Court *sua sponte* continued the Petitioner's trial to the March 2003 term. **Order, filed January 2, 2003.** On January 10, 2003, Petitioner's counsel filed the standard discovery motions and on January 21, 2003, filed a motion for bond for Petitioner's release from custody. **Standard Criminal Discovery Motions, filed January 10, 2003; Motion, filed January 21, 2003.** The Government opposed Petitioner's release from custody and a hearing was held before the Magistrate Judge on February 5, 2003. Petitioner's motion for bond was denied.

On March 3, 2003, Petitioner's case was called for trial at which time Petitioner advised the Court he wished to change his previously entered plea of not guilty to guilty to the charge contained in Count One of the indictment without benefit of a plea agreement. The undersigned then conducted a Rule 11 Inquiry after placing the Petitioner under oath. As is

the custom in this Court, not only is the proceeding recorded by the court reporter, but the Court completes the Rule 11 form and such form is signed by the defendant and counsel.

Pursuant to questions by the Court, the Petitioner advised the Court that he was not under the influence of any drugs or medicines; his purpose was to enter a guilty plea which he understood could not later be withdrawn; he was present with his appointed counsel; that there was no written plea agreement with the Government; that he had reviewed the indictment with his attorney; he understood each element of the offense as had been explained to him by the Court including the elements that the Government would have to prove beyond a reasonable doubt that the conspiracy involved at least 50 grams of a mixture or substance containing a detectable amount of cocaine base and that the Petitioner committed these acts knowingly and wilfully; that the maximum punishment for this offense was not less than 10 years or more than life imprisonment; that the parole system had been abolished for federal offenses and a period of supervised release would follow his term of imprisonment; that by entering his plea of guilty, he was forfeiting his right to a jury trial; he was pleading guilty because he was in fact guilty of the crime charged and committed

those acts alleged; that his plea of guilty was "voluntary and not the result of coercion, threats or promises;" that he was "entirely satisfied with the services of [his] attorney;" that he had discussed the Sentencing Guidelines with his attorney and understood how they might be applied in his case; that if his sentence was harsher than he expected, he was still bound by his guilty plea; that he understood and agreed with the oral terms of the plea agreement that had been outlined by the Government to the Court in the course of the hearing; that he had been afforded ample time to confer with his attorney and had discussed all the aspects of his case with his attorney; and that he knew and understood all parts of the proceeding and requested the Court accept his plea of guilty. The Court then accepted the Petitioner's plea and the Petitioner and his attorney signed the Rule 11 form. **Rule 11 Inquiry [No Written Plea Agreement], filed March 3, 2003.**

On April 4, 2003, the Petitioner renewed his request for bond; at a bond hearing held April 14, 2003, the Magistrate Judge again denied bond release.

The Petitioner's presentence report was received by the Court on August 11, 2003, and included a copy of the objections to the report filed

by his attorney, and the probation officer's responses thereto.

**Presentence Report, prepared June 27, 2003, and revised August 5, 2003.** No sentence enhancements were recommended, considered or imposed; however, the report did contain a recommendation for a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). *Id.*, **at 7.**

Petitioner's case was scheduled for sentencing on November 21, 2003. Included in his objections to the presentence report was Petitioner's objection to his being held accountable for an amount in excess of 30 kilograms of a mixture involving a detectable amount of cocaine base which resulted in an offense level of 35. This offense level combined with Petitioner's criminal history category of III would have resulted in a Guideline sentence range of 210-262 months. However, as a result of the persistence of Petitioner's counsel in pursuing the objection and the argument made at sentencing, Petitioner's counsel and the Government were able to agree to an offense level of 32, criminal history of III, and a Guideline sentencing range of 151-188 months.

The Petitioner stated to the Court that he understood and agreed to this sentencing framework and further agreed to waive his right to appeal

other than on the grounds of ineffective assistance of counsel or prosecutorial misconduct. The Court imposed a sentence of 168 months, well within the agreed upon Guideline range. **Judgment in a Criminal Case, filed January 8, 2004.** The Petitioner did not appeal his conviction or sentence and it thus became final on January 18, 2004.

## II. DISCUSSION

On November 12, 2004, the Petitioner filed his § 2255 motion alleging ineffective assistance of counsel on the grounds that his attorney failed to object to the Court "sentenc[ing] [Petitioner] without receiving the adjustment for Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b)[.]" **Petition, at 7.** This argument is meritless. As noted *supra*, the presentence report clearly shows a three level adjustment in the Petitioner's offense level for acceptance of responsibility. **Presentence Report, at 7, ¶ 34.** In any event, the Petitioner has suffered no prejudice since his attorney and the Government agreed upon a further reduced offense level of 32, instead of the 35 contained in the presentence report which included the acceptance of responsibility reduction. *Id*.

On November 15, 2004, the Petitioner filed an amendment to his § 2255 motion alleging that his sentence violated the ruling of the Supreme Court in *Blakely v. Washington State*, 542 U.S. 296 (2004). He further argues that his counsel was ineffective in failing to obtain an additional three-level reduction in the offense level.

In considering the Petitioner's claims of ineffective assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).** Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for counsel's conduct, there was a reasonable probability the result would have been different. *Id.*, at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) **(In order to obtain relief from a guilty plea on the basis of ineffective assistance of counsel, a**

**defendant must show both that counsel was incompetent and but for that incompetence, he would not have plead guilty).** If the defendant fails to make the first showing, there is no need to consider the second. ***Strickland, supra***.

Petitioner's statements to the Court during the Rule 11 hearing regarding his satisfaction with his attorney, and his agreement with the sentencing framework that produced a substantially reduced sentence than that mandated by the applicable Guidelines, belie the merit of his current effort to attack his sentence on the grounds of ineffective assistance of counsel. A petitioner may not, absent circumstances not present in this case, agree to one thing during the Rule 11 inquiry and in additional open court hearings, and then deny the same in a subsequent § 2255 proceeding. ***See, United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005) (holding that in the absence of extraordinary circumstances, which do not appear here, the truth of sworn statements made during a Rule 11 colloquy is conclusively established. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity because courts must be able to rely on the defendant's statements**

**made under oath during a properly conducted Rule 11 plea colloquy."
(quotations and citations omitted));** *United States v. General*, 278 F.3d
389 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399 (4th Cir. 2000);
*United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). The
undersigned, therefore, dismisses Petitioner's claim that the benefit of a
three-level reduction was not received. The remainder of the Petitioner's
claims contained in the amendment are without merit and not worthy of
discussion by the Court. Because the Petitioner has failed to show that
"counsel made errors so serious that counsel was not functioning as the
'counsel' guaranteed the defendant by the Sixth Amendment," the second
prong of *Strickland* need not be reached.

Finally, the Petitioner claims he is entitled to relief based on the Supreme Court's ruling in *Blakely*. There the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was

decided.  ***United States v. Price***, **400 F.3d 844 (10ᵗʰ Cir. 2005);** ***Varela v. United States***, **400 F.3d 864 (11ᵗʰ Cir.),** ***cert. denied***, **126 S. Ct. 312 (2005);** ***Cooper-Smith v. Palmateer***, **397 F.3d 1236 (9ᵗʰ Cir.),** ***cert. denied***, **126 S. Ct. 442 (2005);** ***Green v. United States***, **397 F.3d 101, 103 (2d Cir. 2005);** ***United States v. Marshall***, **117 Fed. Appx. 269 (4ᵗʰ Cir. 2004).**  The Petitioner's conviction was final in January 2004; thus, *Blakely,* decided June 24, 2004, could not be retroactively applied in any event.

To the extent that the Petitioner asserts a claim pursuant to *United States v. Booker,* 543 U.S. 220 (2005), that claim is rejected as well.  In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts.  The Fourth Circuit, as well as every circuit court which has addressed the issue of whether *Booker* may be applied retroactively to cases on collateral review, has held that *Booker* is not retroactive.  ***United States v. Morris*, 429 F.3d 65 (4ᵗʰ Cir. 2005) (Although *Booker* is a new rule of constitutional law, it is not a watershed rule and therefore does not apply retroactively to cases on collateral review.);** ***United States v.***

*Fowler*, 133 Fed. Appx. 922 (4th Cir. 2005) ("Neither *Booker* nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."); *United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir.), *cert. denied*, 126 S. Ct. 288 (2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *Green*, *supra*; *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

Petitioner's motion and amendment are found to be void of merit and are summarily dismissed.

13

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**; a Judgment dismissing this action is filed herewith.

Signed: February 3, 2006

Lacy H. Thornburg
United States District Judge